**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

_____

NATIONWIDE PROPERTY &
CASUALTY INSURANCE COMPANY                                        PLAINTIFF

   v.                                    No. 3:13-cv-236 (DPM)

DONALD R. FAIRCLOTH, JR.;
ROBERT and CAROLYN JONES,
on behalf of LILIAN JONES, a minor;
RANDALL COHEA, Individually and
as Personal Representative of the
Estate of SAMANTHA COHEA, Deceased                              DEFENDANTS
_____

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**
_____

Comes Plaintiff, Nationwide Property & Casualty Insurance Company ("Nationwide"), and for its brief in support of its response to Randall Cohea's motion to dismiss for lack of subject matter jurisdiction, states:

## I. INTRODUCTION

Defendant, Randall Cohea, contends this Court lacks subject matter jurisdiction over this declaratory judgment action concerning Nationwide's defense and indemnity obligations under an automobile liability insurance policy issued to defendant, Donald Faircloth.  Specifically, Mr. Cohea contends that the amount in controversy is less than $75,000 because, if the Court granted the relief requested in Nationwide's complaint and declared that there is no coverage under the policy, the most Nationwide could recover from defendants would be $0.00.  In other words, he contends the amount in controversy must be less than $75,000 because Nationwide does not seek money damages. If defendant's reasoning were adopted, diversity of citizenship jurisdiction

would only exist where plaintiffs seek money damages in excess of $75,000, and no insurer could maintain a declaratory judgment action premised upon diversity of citizenship jurisdiction to determine lack of coverage under a policy of insurance. That is not the law, and there is much authority to the contrary. For these reasons, the Court should deny defendant's motion to dismiss for lack of subject matter jurisdiction.

## II. <u>FACTS</u>

Nationwide issued an automobile liability insurance policy to defendant, Donald Faircloth, effective from June 1, 2013, to December 1, 2013. The policy includes coverage for bodily injury liability with limits of $100,000 per person and $300,000 per occurrence. *See* Pl.'s Compl. at ¶ 11. On June 30, 2013, Samantha Cohea and eight-year-old, Lilian Jones, were passengers in a vehicle operated by Mr. Faircloth when Mr. Faircloth lost control of the vehicle, and it overturned. *Id.* at ¶¶ 14–15. Both Ms. Cohea and Ms. Jones were injured as a result of this single-vehicle accident, and Ms. Cohea later died from her injuries. *Id.* at ¶¶ 16–17. Ms. Cohea was 24 years old at the time of her death. *See* Crash Report, attached as **Exhibit A.** Additionally, counsel for Ms. Jones has represented to undersigned counsel Ms. Jones required psychological treatment as a result of being trapped in the overturned automobile with the deceased.

Robert and Carolyn Jones, through an attorney, have asserted claims against Mr. Faircloth on behalf of Lilian Jones. Similarly, Ms. Cohea's family has asserted claims against Mr. Faircloth, and Mr. Cohea has been appointed the personal representative of Ms. Cohea's Estate for the purpose of pursuing a survival/wrongful

death claim against Mr. Faircloth. *See* Petition for Appt. of Personal Representative of the Estate of Samantha Cohea, attached as **Exhibit B.**

Nationwide filed a complaint on November 4, 2013, seeking a declaration that Nationwide has no obligation to defend or indemnify Mr. Faircloth pursuant to applicable exclusions contained in the policy. *See* Pl.'s Compl. Nationwide also seeks a declaration that it may rescind the policy based upon material misrepresentations made by Mr. Faircloth during the application process. *Id.* at ¶¶ 24–32. Nationwide's complaint alleges subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332, and that the amount in controversy exceeds $75,000. *Id.* at ¶¶ 8–9. Mr. Cohea now contends that this Court lacks subject matter jurisdiction over the action as the amount in controversy does not exceed the jurisdictional limit of $75,000. *See* Mr. Cohea's Motion to Dismiss and Brief in Support (ECF Nos. 3–4).

### III.  ARGUMENT

This Court has subject matter jurisdiction over this action as the amount in controversy is greater than $75,000 despite the fact that Nationwide seeks declaratory relief rather than money damages. When the two parties to an action are citizens of different states, as they are here, a federal district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or **value** of $75,000, exclusive of interest and costs." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (quoting 28 U.S.C. § 1332(a)) (emphasis added). In suits for declaratory relief, "the amount in controversy is the value to the plaintiff of the right in issue." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010). "A complaint that alleges the jurisdictional amount in good-faith will suffice to confirm jurisdiction," but the complaint

will be dismissed if it "appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC*, 630 F.3d 926, 931 (8th Cir. 2010).

The Eighth Circuit has long looked to the policy limits of insurance contracts to determine the amount in controversy.  In *Home Ins. Co. of New York v. Trotter*, the court held that the value of the contract determines the amount in controversy where the relief sought is a declaration concerning the validity of the contract.  130 F.2d 800, 803 (8th Cir. 1942). Similarly, the United States District Court for the Western District of Arkansas stated, "Generally, the maximum amount for which the insurance company may be held liable is the amount in controversy where a declaratory judgment is sought on an automobile insurance policy." *Allstate Ins. Co. v. Thompson*, 121 F. Supp. 696, 698 (W.D. Ark. 1954).

More recently, in *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC*, the Eighth Circuit Court of Appeals stated:

> In a declaratory judgment action, such as this one, where an insurer sues an insured to determine its obligation to defend and indemnify, the amount in controversy in the declaratory judgment action ordinarily equals the probable cause of defense and indemnification of the underlying litigation less any applicable deductible.

630 F.3d 926, 932 (8th Cir. 2010).  In assessing whether it is possible an insurer may be required to indemnify an insured for a claimant's personal injuries in excess of requisite amount, courts look to policy limits and the nature and extent of the personal injuries involved.  *See Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 583–84 (7th Cir. 2012).

4

Here, Nationwide seeks a declaration that the automobile liability insurance policy at issue, which carries bodily injury with limits of $100,000 per person and $300,000 per occurrence, does not require it to defend or indemnify Mr. Faircloth against any survival/wrongful death claim and/or personal injury claims arising out of the June 1, 2012, single-car automobile accident.  Mr. Faircloth's passenger, Ms. Cohea, died shortly after the accident, and Lillian Jones, who was then eight years of age, also received medical treatment.  Given the policy's limits and the nature of the claims made on behalf of Ms. Cohea's Estate and Lillian Jones, Nationwide has a good-faith basis for asserting that more than $75,000 is in controversy, and it is telling that nowhere does Mr. Cohea contend that the value of the underlying claims is less than $75,000. Moreover, Nationwide seeks a determination as to the validity of policy in light of Mr. Faircloth's representations during the application process.  Thus, the policy limits determines the amount in controversy.  *See Trotter*, 130 F.2d at 803; *Thompson*, 121 F. Supp. at 698.

Defendant relies heavily upon *Shelter Mut. Ins. Co. v. Taylor*, case number 3:10-cv-03089, 2012 U.S. Dist. LEXIS 7189 (Jan. 23, 2012) for the proposition that, because Nationwide prays for relief which would entitle it to no money damages, the amount in controversy is less than $75,000.  The *Taylor* precedent is distinguishable in that the court found the value of the plaintiff's claim to be no greater than $66,422.92, an amount paid to an insured following a home fire prior to learning of alleged misrepresentations made by the insureds. *See id.*  In contrast, in this action, there is the real possibility Nationwide would have to indemnify the claimants an amount significantly in excess of $75,000 given the nature of the underlying claims.  To the

extent the *Taylor* opinion suggests that a plaintiff must seek money damages in excess of $75,000, it is an aberration that is out of step with the above-referenced case law.

## IV.  CONCLUSION

The Court should deny Mr. Cohea's motion to dismiss. This Court has subject matter jurisdiction as the amount in controversy exceeds $75,000 and there is complete diversity between plaintiff and defendants.   Nationwide has a good-faith basis for alleging the value of this action to it is greater than the jurisdictional threshold in light of the underlying wrongful death, survival, and personal injury claims.

WHEREFORE, plaintiff, Nationwide Property & Casualty Insurance Company, prays that Randall Cohea's motion to dismiss be denied, and for all other proper relief to which it may be entitled.

Respectfully submitted,

**ANDERSON, MURPHY & HOPKINS, L.L.P.**
400 W. Capitol Avenue, Suite 2400
Little Rock, Arkansas  72201-4851
Telephone:   501-372-1887
Facsimile:   501-372-7706
Email:       murphy@amhfirm.com

By: //s// Randy P. Murphy
      BAR NO. 88046
      KYLE E. BURTON
      BAR NO. 2011130

## CERTIFICATE OF SERVICE

I hereby certify that on this **20th** day of December, 2013, I electronically filed the foregoing brief in support of plaintiff's response to defendant's motion to dismiss using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Tom Donaldson
DONALDSON LAW FIRM, PLC
117 E. Military Road
P.O. Box 949
Marion, Arkansas 72364
*Attorney for Def. Randall Cohea*

//s// Randy P. Murphy